Mr. Justice Clayton
delivered the opinion of the court.
In March, 1838, one Addison Peel made a conveyance of all his estate and effects, consisting mostly of choses in action, in trust, first, to pay all judgments outstanding and unsatisfied against said Peel, and against the late firm of Brichell & Peel. Secondly, to secure a note to the Commercial Bank of Columbus, Mississippi, executed by Lauderdale & Peel, with Samuel D. Lauderdale and others as sureties, and after that to pay certain other specified debts. Before the date of this deed of trust, the appellees, Halloek & Bates, had recovered a judgment in the circuit court of Lowndes county, against James S. Lauderdale and Addison Peel, partners under the style of Lauderdale & Peel, for $4,600. But a small portion of this judgment was made under their execution.
The trustee under the deed of trust, collected some three or four thousand dollars, and paid first, a judgment in favor of Maltby & Starr, and next, about $1300 to S. Lauderdale, on the note due the Commercial Bank at Columbus, which is the debt provided for in the second clause. This bill is filed against Samuel *628 Lauderdale and others, to recover the sum so paid by the trustee, upon the ground that it was a mis-apjfiication of the trust fund, and that their debt was of the first class, and entitled to priority under the deed.
The answer denies this right of priority of the complainants. It states that the judgment in their favor was confessed by Addison Peel, under an agreement with their attorney, that the judgment should be satisfied by a tract of land, owned by Peel, in Octibbeha county; but that the land was afterwards sold for a very small sum. It insists that the intention of Peel was to secure the defendant next to the judgment of Maltby So Starr, and that if the judgment of the complainants be em-bráced in the general description contained in the deed, it was by mistake.
The depositions of Tucker So Butterworth, who were the attorneys of Hallock So Bates in procuring the judgment, and one of whom likewise drew the deed of trust, were taken. They were both consulted, and they both fully sustain the answer, that the great leading object of executing the deed of trust was to secure Samuel D. Lauderdale, and that the claim on which he was indorser was therefore placed next the judgments. Tucker also states, that Peel understood the agreement with the attorneys of Hallock <fc Bates to be, that the tract of land was to be received in discharge of the judgment, and that he knew of no object for executing the deed, but to secure S. D. Lauderdale.
The vice-chancellor decreed in favor of the complainants, from which decree an appeal is taken to this court.
The contest is for priority between the respective parties. It is to be observed, in the first place, that the judgment of the complainants is against the firm of Lauderdale So Peel, and so does not fall literally within the trust deed, the provisions of which are for judgments against Peel himself, or Brichell & Peel. The kind of judgment entitled to priority under the deed, is the very pivot and turning-point of the controversy, and -we cannot say that a judgment against Lauderdale So Peel was intended to be embraced by the deed.
*629 If the depositions in the cause be looked to, then the intention to exclude the judgment of complainants, is still more apparent. The attorneys who were consulted on the occasion and who drew the deed, testify positively that it was the intention to give preference to Lauderdale. If the deed do not secure the object, it is so drawn by mistake.
Parol testimony to explain or vary the terms of a written instrument, is received with great caution and distrust. It is admissible even in equity, only in a few instances. Pegens v. Mosby & Kyle, MS.; Gresley’s Eq. Ev. 205. But mistake is one of the exceptions in which it is admissible.
Here the answer alleges, that if the deed bears the construction contended for by the complainants, it was so drawn by mistake. The testimony clearly establishes the fact. Viewing the testimony with all the caution and distrust, which we are admonished by the authorities it is proper to exercise in cases of this sort, we are still led to the conclusion, that this evidence does fully sustain the answer. We adopt this conclusion, too, the more readily, because it accords with the literal terms of the deed.
The complainants do not, in their bill, at all rely upon their judgment lien, but go entirely upon the deed of trust. Our opinion, therefore, rests upon the construction of the deed alone, without reference to the judgment lien, if under the circumstances they have any. No facts are set out to elicit an opinion upon such point.
The decree of the court below is reversed, and the bill dismissed.